J-S53026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE LEGGETT | : | |
| | : | |
| Appellant | : | No. 1471 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010053-2017

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: Filed: January 21, 2021

Theodore Leggett appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County. After careful review, we affirm.

Following a two-day trial, a jury convicted Leggett of possession of a firearm by a person prohibited.[1] The court sentenced Leggett to a term of imprisonment of 7½ to 15 years. Leggett filed a post-sentence motion, which the court denied. He then filed this timely appeal. Both Leggett and the trial court have complied with Pa.R.A.P. 1925.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

Leggett raises one issue for our review: "Is the sentence imposed unduly harsh and excessive under the circumstances of this case where the lower court relied upon improper factors?" Appellant's Brief, at 4.

Prior to reaching the merits of this issue, we must first determine if Leggett has properly preserved his claim for appellate review. Based upon our review of Leggett's Rule 1925(b) concise statement of errors complained of on appeal and the issue raised in his appellate brief, we are constrained to conclude that the issue raised on appeal has been waived.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

In his Rule 1925(b) statement, Leggett raises the following claim:

> The sentence imposed is greater than that necessary under the circumstances; confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of Pennsylvania sentencing laws and is greater than that which would be consistent with protection of the public, the gravity of defendant's conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of the defendant. The sentence imposed fails to take into account

all relevant mitigating factors. As implemented under the facts of the case[] *sub judice*, the sentence imposed is unduly harsh and excessive in light of appellant's age, rehabilitative needs, and mental health conditions, including but not limited to, bi-polar disorder, schizophrenia, anxiety and depression, together with the fact that the firearm recovered in this matter was unloaded and the defendant was fully cooperative with police and did not engage in any violent behavior.

Pa.R.A.P. 1925(b) Statement, 2/22/20. In his Rule 1925(a) opinion, the Honorable Charles A. Ehrlich comprehensively addressed the claims raised in Leggett's Rule 1925(b) statement. **See** Trial Court Opinion, 5/26/20, at 3-8. However, the issue raised in Leggett's appellate brief is significantly different from that raised in his Rule 1925(b) statement. In his brief, Leggett asserts that the sentencing court erred in considering "improper factors." Appellant's Brief, at 4. Leggett's issue on appeal has nothing to do with his assertion that the court failed to consider "all relevant mitigating factors," including his psychological disorders or his cooperation with police. Rule 1925(b) Statement, **supra**.[2]

---

[2] We note that Leggett's Rule 2119(f) statement mirrors the "failure to consider mitigating factors" language in his Rule 1925(b) statement, but, as noted above, his issue on appeal raises a different issue—consideration of "improper factors." **See** Appellant's Brief, at 4. Leggett's summary of the argument in his appellate brief addresses the "improper factors" issue as well, rather than the issue raised in his appellate brief. **See** Appellant's Brief, at 14-15. We note, too, that the sentencing court reviewed a presentence investigation report (PSI) and mental health evaluation prior to sentencing Leggett. **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (where court is in possession of PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Further, Leggett acknowledges in his brief that the maximum term of

Because Leggett has failed to preserve his issue on appeal by including it in his Rule 1925(b) statement, we do not reach the merits of his claim. Pa.R.A.P. 1925(b)(4)(vii); *see Commonwealth v. Lagenella*, 17 A.3d 1257, 1265 (Pa. Super. 2011) (citing *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005)). We, therefore, affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21

---

incarceration for this offense is 20 years of imprisonment, 18 Pa.C.S.A. § 1103(1), and his sentence of not less than 7½ years, nor more than 15 years, is a legal sentence, and is below the standard range of the applicable sentencing guidelines. Appellant's Brief, at 20-21. *See* 204 Pa. Code § 303.16. Accordingly, even had Leggett properly preserved his challenge, no relief would be due.